Raymond Babaian (State Bar No. 232486)
rb@valiantlaw.com
Michael Saldana (State Bar No, 326147)
mgs@valiantlaw.com
**VALIANT LAW**
4150 Concours, Suite 260
Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290

Attorneys for Plaintiff, CHLOE HARRIS

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHLOE HARRIS, an individual<br><br>Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, YANCY SHELTON an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. Race Discrimination in Violation of Title VII;<br>2. Hostile Work Environment in Violation of Title VII;<br>3. Retaliation in Violation of Title VII;<br>4. Race Discrimination in Violation of 42 U.S.C. § 1981;<br>5. Retaliation in Violation of 42 U.S.C. § 1981;<br>6. Retaliation in Violation of Labor Code section 1102.5;<br>7. Wrongful Termination in Violation of Public Policy;<br>8. Intentional Infliction of Emotional Distress;<br>9. Negligent Infliction of Emotional Distress;<br>10. Negligent Hiring, Retention and Supervision;<br>11. Violation of 29 U.S.C. § 215(a)(3);<br>12. Violation of 29 U.S.C. § 1140; |

13. Discrimination in Violation of the ADA;
14. Failure to Engage in the Interactive Process in Violation of the ADA;
15. Failure to Accommodate in Violation of the ADA;
16. Retaliation in Violation of the ADA;
17. Failure to Prevent Harassment, Retaliation, and Discrimination in Violation of the ADA;
18. Wrongful Termination in Violation of the ADA

**DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

1.    This is an employment discrimination and retaliation case, brought pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*., as amended ("Title VII"); and the California Labor Code § 1102.5. Defendants MEGAN J. BRENNAN POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE ("USPS") and YANCY SHELTON ("SHELTON") (collectively with DOES 1-10 "DEFENDANTS") subjected Plaintiff, CHLOE HARRIS ("PLAINTIFF") to unlawful harassment and discrimination, created a hostile work environment, retaliated and wrongfully terminated PLAINTIFF in violation of state and federal law.

**JURISDICTION AND VENUE**

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et*

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

*seq.* and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Court has supplemental jurisdiction of PLAINTIFF'S claims made under California state law pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. §1391 and 42 U.S.C. §2000 et seq. DEFENDNATS are subject to personal jurisdiction in this District in that it maintains facilities and business operations in this District, employs or employed PLAINTIFF in this District, and committed the discriminatory and retaliatory acts alleged herein in this District.

## **PARTIES**

4.     PLAINTIFF, at all relevant times hereto, was an employee of Defendant USPS within the meaning of Section 701(f) of Title VII, 42 U.S.C. § 2000e(f).

5.     Defendant USPS operates the United States Postal Service Los Angeles Network and Distribution Center located at 5555 Bandini Blvd., Bell, CA 90201 (hereinafter the "Distribution Center").

6.     At all relevant times mentioned herein, Defendant USPS has continuously been doing business in Los Angeles County in the state of California. At all relevant times, USPS has continuously employed fifteen (15) or more persons.

7.     At all relevant times mentioned herein, USPS has continuously engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8.     PLAINTIFF is informed and believes SHELTON was an individual and a resident of the State of California at all relevant times and was an employee of USPS whose title was Manager, Distribution Operations ("MDO") and was PLAINTIFF'S superior at the Distribution Center. PLAINTIFF is informed and believes that SHELTON is a Caucasian male.

9.     PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 10 inclusive (hereinafter referred to as "DOES"), are or were individuals

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

and/or are or were doing business at all times herein mentioned and material hereto in the State of California, county of Los Angeles and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

10.    The true names and capacities, whether individual, corporate or associate, or otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore, sues said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

11.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, and each of them, at all times herein mentioned were duly authorized agents, or servants, or representatives, or co-conspirators of the other, and were acting at all times within the course and scope of their agency or representative capacity with the knowledge and consent of the other.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

12.    PLAINTIFF filed a formal complaint with the USPS EEO alleging violations of Title VII by DEFENDANTS on March 12, 2019.

13.    PLAINTIFF requested the appointment of an Equal Employment Opportunity Commission Administrative Judge pursuant to Title 29, Code of Federal Regulations, Part 1614.108(g) which was received and accepted by the Equal Employment Opportunity Commission, EEOC case number 480-2019-00786X, on September 18, 2019.

14.    PLAINTIFF exhausted her administrative remedies by timely filing a complaint for the issues required to be raised herein against DEFENDANTS.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

PLAINTIFF has received no final agency decision on her complaint and has filed no appeal although one hundred eighty days have elapsed since PLAINTIFF filed her original complaint.

15.     Because 180 days have elapsed since filing her complaint without a final agency decision, PLAINTIFF can bring this action under 42 U.S.C. § 2000e-16(c) pursuant to 29 C.F.R. § 1614 *et seq*.

## STATEMENT OF CLAIMS

16.     USPS operates the United States Postal Service Los Angeles Network and Distribution Center located at 5555 Bandini Blvd., Bell, CA 90201.

17.     PLAINTIFF was a dedicated and loyal employee with USPS for over 35 years. PLAINTIFF was employed with USPS as a Mail Handler Equipment Operator and actively participated in union activity as a Union Steward.

18.     PLAINTIFF's job duties included sorting and distributing mail. PLAINTIFF frequently engaged in concerted union activity on behalf of herself and other union members employed by USPS to the dismay of DEFENDANTS.

19.     Since in or around October 2013, DEFENDANTS have engaged in unlawful employment practices at the Distribution Center in violation of Sections 703(a), 704(a), and 706 of Title VII, 42 U.S.C., §§ 2000e et seq, in addition to its own internal policies. These practices include but are not limited to, engaging in intentional discrimination against PLAINTIFF by subjecting her to harassment and failing to prevent and correct the harassment in violation of Section 703(a) and 706 of Title VII, 42 U.S.C. §2000e-2(a) and 2000e-5, and by retaliating against PLAINTIFF with discriminatory practices. The harassment, discrimination, and retaliation include, but are not limited to, receiving multiple unwarranted disciplinary actions and suspensions, being stalked at the Distribution Center, and fabricating pretextual reasons for PLAINTIFF'S wrongful termination.

20.     DEFENDANTS continuously subjected PLAINTIFF to hostile working conditions in an attempt to force PLAINTIFF to resign her position, and/or to

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

fabricate pretextual grounds for PLAINTIFF'S termination.

21.     On or about October 19, 2013, PLAINTIFF was directed by Supervisor Cole to scan the mail being loaded into the trucks. Soon thereafter, Supervisor Watkins gave conflicting instructions to PLAINTIFF. PLAINTIFF notified Supervisor Watkins of the contradictory work instructions she was being given. Without provocation, Supervisor Watkins responded, "I am a supervisor, and I am telling you to stop [scanning packages]!" When PLAINTIFF responded with her concerns of workplace safety, discrimination and bullying, PLAINTIFF also advised of her intent to seek assistance through her Union Representative.  In response, Supervisor Watkins retaliated and said, "I don't know what kind of game you're playing but we are so sick of you, we are working on a way to get you up out of here."

22.     Minutes later, both Supervisor Watkins and Supervisor Cole approached PLAINTIFF as she was working. Both supervisors told PLAINTIFF to immediately stop scanning the mail and put it on the trucks or, "we will have you walked out of the building for failure to obey a direct order." PLAINTIFF complied with the orders of her supervisors. Notwithstanding PLAINTIFF'S compliance, Supervisors Cole and Watkins remained outside of the truck PLAINTIFF was loading and continuously yelled at and harassed PLAINTIFF. PLAINTIFF became so overwhelmed that she started praying and asking God for help. PLAINTIFF was so overwhelmed by the hostility and harassment that she broke down crying.

23.     PLAINTIFF then, on or about October 19, 2013, submitted a written complaint regarding the incident to Postmaster General Pat Donahoe, Plant Manager Valorie Neff, and District Manager Eduardo Ruiz. In PLAINTIFF'S letter she explicitly described the events from October 19, 2013 in detail. Moreover, PLAINTIFF stated that Supervisor Cole and Supervisor Watkins had been bullying, intimidating, humiliating, and demeaning employees throughout the entire building and that they had created a hostile work environment. PLAINTIFF concluded her written complaint by stating she did not feel safe in the workplace *and* that she has

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

been forced to seek medical/psych treatment as a result of Supervisor Cole's and Supervisor Watkin's actions. On or about November 6, 2013 Plaintiff received confirmation that her letter had been delivered to its intended recipients.

24.     The harassment and hostility from the events of October 19, 2013 were so emotionally distressing that PLAINTIFF was forced to see a Licensed Clinical Psychologist shortly thereafter. PLAINTIFF'S physician then placed her off work for two weeks. Despite PLAINTIFF'S complaint and request for time off due to her medical conditions, DEFENDANTS failed to conduct an Interactive Process and instead, continuously harassed her in a concerted effort to make her working conditions so intolerable she would be forced to resign.

25.     In or about February 2014, Postmaster General Pat Donahoe appeared at PLAINTIFF'S worksite and held an open forum to discuss issues with employees. At this meeting, PLAINTIFF complained in front of approximately three hundred people of the hostility and harassment PLAINTIFF was subjected to on October 19, 2013. However, USPS ignored PLANTIFF'S complaints.

26.     In or about March 2016, PLAINTIFF again decided to speak out regarding her treatment in the workplace when she sent a handwritten letter to District Manager Al Santos ("Santos"). PLAINTIFF'S letter detailed her concerns over the workplace treatment she was being subjected to and that her pleas for help were being ignored. PLAINTIFF further noted her belief that the actions of her supervisors were both retaliatory *and* discriminatory and as a result, in or about September 2016 PLAINTIFF was again ordered off work by her psychologist due to the workplace treatment DEFENDANTS ratified and condoned.

27.     Seeing no progress from her multiple complaints and, instead, suffering from further retaliation and abuse, PLAINTIFF reached out to Postmaster General Ken Snavely and District Manager Al Santos in or about October 2016 to further document her complaints. PLAINTIFF detailed that every time she has to go to work she has to pray for herself and her coworkers because of the retaliation she has

suffered from voicing her lawful complaints.  Moreover, PLAINTIFF stated that she had notified her local congresswoman and the Office of Inspector General regarding her workplace treatment, however, PLAINTIFF never received a response to her written complaints to upper management.

28.     In or about August 2017 PLAINTIFF commenced her efforts, and made it publicly known, she would be running for Union President. PLAINTIFF'S decision to run for Union President added to DEFENDANTS overall discontent with PLAINTIFF.

29.     Thereafter, DEFENDANTS' hostile treatment of PLAINTIFF continued to intensify when DEFENDANTS subjected PLAINTIFF to strict scrutiny (in ways they had never done before, and by only targeting her) in a concerted effort to eliminate what DEFENDANTS considered an aging African American nuisance employee who voiced multiple complaints. For example, PLAINTIFF was issued an unwarranted seven-day suspension by Supervisor Loretta Herrera and SHELTON for an alleged "verbal altercation" with another employee on or about August 23, 2017. At such time, SHELTON told PLAINTIFF she was on his "hit list."

30.     Thereafter, on September 3, 2017, before it was time for PLAINTIFF to leave for the day, SHELTON approached PLAINTIFF in a golf cart and demanded she stay for overtime. PLAINTIFF responded that she had already done overtime. SHELTON then inquired into PLAINTIFF'S pager request for Supervisor of Distribution Operations ("SDO") Loretta Herrera ("Herrera"), to which PLAINTIFF responded that the information was private. SHELTON took offense to PLAINTIFF'S response and told her, "who do you think you're talking to?" SHELTON then informed PLAINTIFF that, "you are going to suffer some consequences" (i.e., retaliation) and then proceeded to leave the area. SHELTON did this by invading PLAINTIFF'S space in an attempt to intimidate her and cause further hostility at the workplace.  PLAINTIFF immediately called DEFENDANTS' threat assessment team to complain.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

31.     On or about February 15, 2018 PLAINTIFF filed a claim for discrimination against DEFENDANTS with the EEO compliance office as a result of the persistent adverse employment actions.

32.     Thereafter, DEFENDANT's managers made it their mission to subject PLAINTIFF to strict scrutiny and searched for any reason to reprimand PLAINTIFF because she had voiced complaints regarding discrimination, harassment, and hostile work environment.

33.     On or about April 13, 2018, PLAINTIFF was performing her duties as instructed by her Supervisor, Tamara Jenkins. PLAINTIFF is informed and believes that DEFENDANTS had been secretly monitoring and stalking PLAINTIFF in the workplace that day as PLAINTIFF noticed an unusual amount of attention from SHELTON. On the same shift, in the early morning hours of April 14, 2018, SHELTON approached PLAINTIFF in an aggressive manner and proceeded to say over the walkie talkie "I got her, I got her." PLAINTIFF was in disbelief that SHELTON would go to the extent to make his search for PLAINTIFF seem like he was looking for a criminal or convict just because she is an African American woman that has been standing up for her rights. PLAINTIFF felt threatened and offended because SHELTON continued to follow her for the rest of the shift for no reason in a harassing and hostile manner. PLAINTIFF felt a severe sense of anxiety and shame as result of DEFENDANTS' actions.

34.     Because of the hostile working environment being perpetrated against her, PLAINTIFF requested time off on or about April 14, 2018 to seek medical attention. Her leave started on April 15, 2018 and lasted until April 21, 2018.

35.     On or about April 26, 2018 PLAINTIFF'S supervisor, Ryan Scott, approached PLAINTIFF while she was dispatching first-class priority mail and demanded PLAINTIFF report to the Operations Office. PLAINTIFF told Ryan Scott that she could not go because she was working and the only person dispatching first-class priority mail. Later that morning, managers SHELTON and Dawes Carter, along

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

1   with supervisors Ryan Scott, Linda Wright, Loretta Herrera and John Chambers all

2   approached PLAINTIFF while she was working, and was told, "now I have five

3   witnesses, report to the Operations Office!" This effort was coordinated by

4   SHELTON to intimidate PLAINTIFF and to make her "suffer consequences."

5       36.   To further increase the hostility and discrimination, following the

6   impromptu meeting, PLAINTIFF received a 14-day suspension on or about May 2,

7   2018, and a second suspension that same month on or about May 25, 2018 for "failure

8   to follow instructions, missing work assignments and unacceptable conduct." These

9   disciplinary actions were unwarranted and prefabricated to harass PLAINTIFF

10  because of her recently filed EEO complaint of discrimination.

11      37.   On or about June 22, 2018 DEFENDANT went as far as requesting an

12  Emergency Placement Procedure to ensure PLAINTIFF did not enter the workplace

13  and had three police officers arrive at the Distribution Center – actions that were

14  wholly improper and discriminatory as it should only be reserved for criminals.  The

15  officers were targeting only the black female employees by placing flashlights in their

16  faces. The Emergency Placement Procedure was requested by DEFENDANTS to

17  further harass, intimidate, and distress PLAINTIFF. At no point had PLAINTIFF seen

18  such extreme measures taken against any non-African-American employees.

19      38.   DEFENDANTS were well aware that PLAINTIFF was commencing her

20  unwarranted suspension on June 22, 2018. DEFENDANT'S management took this

21  unnecessary step to create a scene at the workplace and further increase the level of

22  hostility towards PLAINTIFF.

23      39.   DEFENDANTS' actions toward PLAINTIFF became so hostile, that she

24  regularly visited a clinical psychologist for anxiety and depression which were

25  markedly aggravated in or around late 2018 due to the constant harassment, workplace

26  stalking, and racial profiling PLAINTIFF sustained at the hands of DEFENDANTS.

27      40.   In or about August 2018 PLAINTIFF submitted a written complaint to

28  Vice President of Labor Relations, Doug Tulino and Vice President of Pacific Area,

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

Larry Munoz complaining of the hostile treatment and harassment PLAINTIFF was receiving. Specifically, PLAINTIFF notified Doug Tulino and Larry Munoz that she had been subjected to discrimination, harassment and hostility beginning in 2013 through June 2018 and that PLAINTIFF had been profiled and stalked by DEFENDANTS. PLAINTIFF complained that she was now afraid to come to work.

41. On or about September 10, 2018 PLAINTIFF was working her assignment at pay location 162 within the Distribution Center when Supervisor Loretta Herrera approached PLAINTIFF and asked her to report to a different assignment and pay location. Loretta Herrera's direction was a violation of article 12 of PLAINTIFF'S Collective Bargaining Agreement which states PLAINTIFF cannot be displaced from her job assignment. PLAINTIFF responded that she could not complete the assigned duties because it was a violation of article 12 of the Collective Bargaining Agreement. Loretta Herrera then asked PLAINTIFF, "What happened to you? You used to be a quiet Christian – you're not a Christian, you're the devil." Thereafter, PLAINTIFF was approached by Manager Dawes Carter and Plant Manager Sean Andrews where she complained of the comments from Herrera and voiced her complaints regarding the hostile and toxic working environment she had been subjected to. PLAINTIFF also complained that DEFENDANTS were falsifying time records with regard to overtime. Moreover, PLAINTIFF communicated to Dawes Carter and Sean Andrews that employees are being written up if they do not work on their day off. In response, Andrews asked PLAINTIFF how long she had been working for USPS to which she responded 35 years. Andrews then stated (yet again to retaliate within seconds of PLAINTIFF voicing numerous serious, lawful complaints), "it would be a shame that after working all those years that you would lose your job because you failed to follow instructions."

42. On or about September 26, 2018, PLAINTIFF received a Notice of Fourteen Day Suspension for failure to follow instructions and the events which transpired on September 10, 2018 from Loretta Herrera and Dawes Carter.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

43.   On or about October 18, 2018 PLAINTIFF was issued another unwarranted Notice of Fourteen Day suspension for "failure to follow instructions" by SHELTON for events occurring on September 25, 2018.

44.   Thereafter, SHELTON and USPS managers continued harassing PLAINTIFF by reprimanding her for the most miniscule of things and/or for PLAINTIFF refusing to follow their directions that conflicted with the actual written instructions she had been provided by the USPS. On or about November 29, 2018, PLAINTIFF again was issued a Notice of Fourteen Day Suspension for "failure to follow instructions" on November 15, 2018.

45.   To add further insult, on or about December 6, 2018, PLAINTIFF was racially profiled by Defendant SHELTON for wearing a black hoodie sweatshirt – something that members of the USPS should have been trained to handle seriously and with extreme sensitivity in light of worldwide events targeting black individuals wearing hoodies. PLAINTIFF was singled out because of her race and told to remove her hoodie sweatshirt. PLAINTIFF contends there was no active policy at the time regarding wearing hooded sweatshirts at the workplace. PLAINTIFF was reprimanded for failing to remove her hoodie even though other non-black employees were also wearing hooded sweatshirts but were not disciplined. PLAINTIFF explained to SHELTON that other employees were not disciplined equally and that wearing a hoodie sweatshirt did not affect her work performance or operations of the facility. PLAINTIFF was effectively disciplined for wearing a hooded sweatshirt while being black.

46.   On or about January 8, 2019 PLAINTIFF submitted a written complaint to Larry Munoz, USPS Vice President of the Pacific Area, complaining that she has been guilty of "working while black." In this letter PLAINTIFF complained to Larry Munoz that SHELTON has a problem seeing black workers wearing hoodies, especially black women. PLAINTIFF specifically complained of DEFENDANTS' practice of racially profiling their employees and complained of SHELTON'S

inappropriate action of calling the police on her. In fact, PLAINTIFF was so concerned, that she demanded her complaints be taken seriously before she was physically harmed.

47.     Because of DEFENDANTS' inaction, PLAINTIFF was left with no other choice but to file an EEO complaint, Case No. 1F-904-0009-19, regarding discrimination and harassment on or about January 14, 2019.

48.     Following PLAINTIFF's EEO complaint, on or about January 19, 2019, in direct retaliation for voicing her complaints and engaging in EEO activity, PLAINTIFF was issued two subsequent Notices of 14-day suspension for "failure to follow instructions." DEFENDANTS were attempting, yet again, to fabricate reasons to terminate PLAINTIFF'S employment.

49.     On or about February 28, 2019 PLAINTIFF was issued her Notice of Right to File Individual Complaint by the USPS EEO office after USPS EEO office completed pre-complaint processing. PLAINTIFF then filed her formal complaint with the USPS EEO office on or about March 12, 2019 – Agency Case No. 1F-904-0009-19] [EEOC Case No. 480-2019-00786X] ("FORMAL COMPLAINT").

50.     Shortly after PLAINTIFF commenced her formal complaint, DEFENDANTS retaliated against PLAINTIFF for engaging in protected activity, issued PLAINTIFF a Notice of Removal, and terminated PLAINTIFF'S employment.

51.     In or about May 2019, PLAINTIFF amended her FORMAL COMPLAINT to include her April 17, 2019 Notice of Removal.

52.     The unlawful employment practices complained of in paragraphs 15-51 above were intentional.

53.     The unlawful employment practices complained of in paragraphs 15-51 above were done with malice, or with reckless indifference to the federally protected rights of PLAINTIFF.

54.     As a direct and proximate result of DEFENDANTS' aforesaid acts, PLAINTIFF has suffered emotional pain and suffering, inconvenience, loss of

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

enjoyment of life, humiliation, and damages, according to proof.

## FIRST CAUSE OF ACTION

**[Race Discrimination (Disparate Treatment) in Violation of Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)]**

55.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

56.     Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e-2(a), et seq. prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, considerations or race based reasons.

57.     PLAINTIFF is a black female and possessed the requisite qualifications and skills to remain employed as a Mail Handler with USPS.

58.     DEFENDANTS discriminated against PLAINTIFF by issuing pretextual write-ups solely to PLAINTIFF for non-existent policy violations when other non-black employees of USPS were not issued the same disciplinary warnings.

59.     PLAINTIFF'S race was the determining factor and/or a motivating factor in DEFENDANTS' adverse employment action.

60.     As a direct, legal and proximate result of the discrimination, PLAINTIFF has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

61.     DEFENDANTS unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to PLAINTIFF'S right to be free from discrimination based on national origin.

62.     PLAINTIFF is entitled to her reasonable attorney's fees and costs of suit.

///

///

///

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## SECOND CAUSE OF ACTION

**[Hostile Work Environment Based on Race in Violation of Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)]**

**(As to Defendant USPS)**

63.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

64.    Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

65.    PLAINTIFF is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendants in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

**[Retaliation in Violation of Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a)]**

**(As to Defendant USPS)**

66.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

67.    Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has

opposed any practice made an unlawful employment practice by this subchapter or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter." (42 U.S.C. § 2000e-3(a).)

68. PLAINTIFF engaged in protected activity when she complained about the discriminatory actions to DEFENDANTS. PLAINTIFF also engaged in protected activity by filing several EEO complaints.

69. PLAINTIFF reasonably believed that DEFENDANTS actions were unlawful and discriminatory.

70. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendants in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### [Race Discrimination in Violation of 42 U.S.C. § 1981]

### (As to Defendant USPS)

71. PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

72. DEFENDANTS discriminated against Plaintiff by issuing unwarranted write-ups that were motivated by PLAINTIFF'S race.

73. PLAINTIFF'S race was the determining factor and/or a motivating factor in DEFENDANTS' several adverse employment actions, including having the police called to the Distribution Center. PLAINTIFF was subject to different sets of rules and policies than other non-black employees and written up for wearing a hoodie while being black.

74. As a direct and legal and proximate result of the discrimination, PLAINTIFF has sustained economic and emotional injuries, resulting in damages in

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

an amount to be proven at trial.

75.    DEFENDANTS unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to PLAINTIFF'S right to be free from discrimination based on race.

76.    PLAINTIFF is entitled to her reasonable attorney's fees and costs of suit.

## **FIFTH CAUSE OF ACTION**

### **[Retaliation in Violation of 42 U.S.C. § 1981]**

### **(As to Defendant USPS)**

77.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

78.    PLAINTIFF made numerous complaints to DEFENDANTS' agents and employees about the discriminatory employment practices.

79.    PLAINTIFF reasonably believed this term and condition of her employment to be unlawful.

80.    As a result of PLAINTIFF'S complaints, DEFENDANTS' agents and employees took materially adverse actions against PLAINTIFF, including but not limited to, issuing pretextual write-ups whereby PLAINTIFF was suspended and terminated.

81.    DEFENDANTS' retaliatory actions would deter a reasonable employee from engaging in protected activity under § 1981.

82.    As a direct, legal and proximate result of the discrimination, PLAINTIFF has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

83.    DEFENDANTS unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to PLAINTIFF'S right to be free from retaliation.

84.    PLAINTIFF is entitled to her reasonable attorney's fees and costs of suit.

///

///

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

## SIXTH CAUSE OF ACTION

### [Retaliation in Violation of California Labor Code § 1102.5]

### (As to Defendant USPS)

85.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

86.     PLAINTIFF repeatedly notified DEFENDANTS of the hostile work environment, bullying, abusive conduct, discrimination, and retaliation, based on her complaints regarding those issues as well as the California Labor Code violations that were rampant during her employment with DEFENDANTS.

87.     PLAINTIFF repeatedly notified DEFENDANTS about the harassment she faced from supervisors and the hostile work environment she was being subject to.

88.     By engaging in the above-referenced acts and omissions, DEFENDANTS retaliated against PLAINTIFF because she participated in protected activities in violation of the California Labor Code.

89.     As a direct and/or proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.  PLAINTIFF is entitled to and will seek exemplary, general and compensatory damages and attorney's fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

## SEVENTH CAUSE OF ACTION

### [Wrongful Termination in Violation of Public Policy]

### (As to Defendant USPS)

90.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

91.     At all relevant all relevant times mentioned herein, the public policy of the United States, as codified, expressed and mandated in the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*., as amended ("Title VII") was and is to, *inter alia*, prevent an employee from being discriminated against, retaliated against and to be discharged based on age, medical condition, disability and/or any other protected activity, including lodging workplace grievances. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of DEFENDANTS, in discriminating, retaliating and terminating PLAINTIFF on the grounds stated in this Complaint was wrongful and in contravention and violation of the express public policy of the State of California and the laws and regulation promulgated thereunder.

92.     PLAINTIFF was subjected to discrimination, harassment and retaliation that violated public policy, in that PLAINTIFF was wrongfully terminated after complaining of the hostile work environment, discrimination, retaliation labor code violations, complaining about DEFENDANTS' unlawful conduct.

93.     PLAINTIFF complained on several occasions of the discrimination, harassment, and retaliation, and labor code violations but her complaints were ignored.

94.     DEFENDANTS intentionally created or knowingly permitted the hostile work environment, the discrimination, and the retaliation, especially upon her complaints.

95.     PLAINTIFF was harassed, retaliated, and discriminated against, and ultimately terminated in violation of public policy.  In doing so, DEFENDANTS acted with oppression, fraud, and malice.  As such, PLAINTIFF is entitled to an award of punitive damages.

96.     As a direct and proximate result of DEFENDANTS' unlawful conduct,

PLAINTIFF suffered and will continue to suffer economic loss or disadvantage and emotional distress, including but not limited to, fatigue, depressions, an exacerbated worsening of her medical condition, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general and compensatory damages and attorney's fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under applicable laws.

## EIGHTH CAUSE OF ACTION

### [Intentional Infliction of Emotional Distress]

### (As to ALL DEFENDANTS)

97.    PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

98.    DEFENDANTS engaged in intentional and outrageous conduct as alleged in this Complaint, to PLAINTIFF's detriment.

99.    DEFENDANTS knew that the conduct was unlawful and condoned the illegal activity by permitting it to occur in the workplace.  DEFENDANTS knew that such conduct would cause direct and immediate emotional harm to PLAINTIFF and did nothing to remedy the situation.

100.    DEFENDANTS subjected PLAINTIFF to discrimination, retaliation and wrongful termination.  DEFENDANTS engaged in these unlawful actions with the specific intent to deprive PLAINTIFF of her peace of mind and with reckless disregard for his well-being.

101.    DEFENDANTS knew or should have known that the discrimination and retaliatory conduct perpetrated by DEFENDANTS was unlawful and designed to cause harm to PLAINTIFF.  Each of these acts and certainly all of them together, resulted in PLAINTIFF suffering severe and extreme emotional distress.

102.    As a proximate result of DEFENDANTS' unlawful conduct,

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

PLAINTIFF suffered and will continue to suffer economic loss or disadvantage and emotional distress, including but not limited to, fatigue, depression, a general decline in health, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is accordingly entitled to exemplary, general and compensatory damages and attorney's fees in amounts to be proven at trial.

103. PLAINTIFF seeks an award of general damages, special damages, exemplary damages, costs and damages in excess of the jurisdictional minimum of this Court.

## NINTH CAUSE OF ACTION

### [Negligent Infliction of Emotional Distress]

### (As to ALL DEFENDANTS)

104. PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

105. DEFENDANTS engaged in negligent and careless conduct as alleged in this Complaint, to PLAINTIFF's detriment.

106. DEFENDANTS knew or should have known that such conduct would cause direct and immediate emotional harm to PLAINTIFF and they so negligently ran the employment environment that it did in fact cause PLAINTIFF such harm.

107. DEFENDANTS subjected PLAINTIFF to discrimination, retaliation and wrongful termination. DEFENDANTS engaged in these actions with negligent disregard for PLAINTIFF's well-being.

108. DEFENDANTS knew or should have known that the discrimination and retaliatory conduct perpetrated by DEFENDANTS was likely to cause harm to PLAINTIFF. Each of these acts and certainly all of them together, resulted in PLAINTIFF suffering severe and extreme emotional distress.

109. As a proximate result of DEFENDANTS' conduct, PLAINTIFF suffered and will continue to suffer economic loss or disadvantage and emotional distress,

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

including but not limited to, fatigue, depression, a general decline in health, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.   PLAINTIFF is accordingly entitled to exemplary, general and compensatory damages and attorney's fees in amounts to be proven at trial.

110.   PLAINTIFF seeks an award of general damages, special damages, exemplary damages, costs and damages in excess of the jurisdictional minimum of this Court.

## TENTH CAUSE OF ACTION

### [Negligent Hiring and Retention]

### (As to Defendant USPS)

111.   PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

112.   PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein that USPS knew, or should have known through reasonable inspection, of SHELTON'S propensity for abusive conduct directed at PLAINTIFF while employed with USPS.

113.   USPS had a duty to PLAINTIFF to not retain SHELTON given his wrongful, and depraved propensities, and to provide reasonable supervision of PLAINTIFF.

114.   USPS negligently hired, retained and/or supervised SHELTON and in his position with USPS wherein his conduct could and did harm PLAINTIFF. Further, USPS failed to provide reasonable supervision of SHELTON despite knowing of his propensities for the aforementioned conduct and complaints made against him.

115.   As a direct and proximate result of USPS's aforementioned actions and omissions, PLAINTIFF has suffered, and will continue to suffer physical, emotional and economic harms herein alleged.

116.   PLAINTIFF has incurred and continue to incur legal expenses and

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

attorneys' fees. PLAINTIFF will seek the recovery of her attorneys' fees and costs at the conclusion of this lawsuit.

### ELEVENTH CAUSE OF ACTION

### [Violation of the Fair Labor Standards Act 29 U.S.C. § 215(a)(3)]

### (As to Defendant USPS)

117.    PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

118.    Section 215(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), prohibits retaliation against an employee because she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

119.    DEFENDANTS terminated PLAINTIFF'S employment because she engaged in protected activity under 29 U.S.C. § 215(a)(3), specifically, PLAINTIFF made a direct complaint to her supervisors regarding failure to pay overtime compensation. Moreover, PLAINTIFF complained to multiple supervisors and/or human resources employees of USPS that she was being harassed and discriminated against based on her race and sex and was subjected to a hostile work environment based on same. PLAINTIFF submitted multiple grievances regarding the foregoing and filed several claims with the USPS Equal Employment Office.

120.    PLAINTIFF'S complaints constituted protected activity under the Fair Labor Standards Act.

121.    As a result of DEFENDANTS' retaliation, PLAINITFF has suffered damages, including but not limited to emotional distress, lost wages, and legal fees.

122.    DEFENDANTS' conduct was outrageous and malicious, was intended to injure PLAINTIFF, and was done with reckless disregard for PLAINTIFF'S protected rights, entitling PLAINTIFF to an award of punitive damages pursuant to 29 U.S.C. § 216(b).

123.    For DEFENDANTS' multiple acts of retaliation, PLAINTIFF seeks

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

compensatory, emotional distress, and punitive damages, as well as attorney's fees and costs, pre- and post-judgement interest, and such other legal and equitable relief as this honorable Court deems just and proper.

## TWELFTH CAUSE OF ACTION

### [Violation of 29 U.S.C. § 1140; ERISA §§ 510 and 502]

### (As to Defendant USPS)

124.    PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

125.    At the time the DEFENDANTS terminated PLAINTIFF'S employment, USPS had an established employee benefit plan or plans within the meaning of ERISA.

126.    PLAINTIFF was a participant in and beneficiary of USPS's employee benefits plan or plans within the meaning of ERISA.

127.    USPS terminated PLAINTIFF in order to deprive her of further participation in and benefits from USPS's employee benefits plans, including USPS's retirement and pension plans, and to avoid the adverse economic impact of PLAINTIFF'S continuation in the plans.

128.    USPS discriminated against and terminated PLAINTIFF for the purpose of interfering with PLAINTIFF'S attainment of rights to which she was or would become entitled under USPS's employee benefit plans, including its retirement and pension plans. This discrimination and termination is contrary to the provisions of section 510 of ERISA, 29 U.S.C. §1140.

129.    As a result of DEFENDANTS conduct PLAINTIFF has suffered financially, has been deprived of receiving the full value of USPS's employee benefits plan and retirement program, and has suffered severe emotional distress.

130.    Accordingly, PLAINTIFF seeks compensatory damages, as well as attorney's fees and costs, pre- and post-judgement interest, and such other legal and equitable relief as this honorable Court deems just and proper.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1

2

3

4

5

6

7

8

9

10

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **THIRTEENTH CAUSE OF ACTION**

### **[Discrimination in Violation of the ADA]**

### **(As to Defendant USPS)**

131.   PLAINTIFF incorporates by reference, repeats and re-alleges, all proceedings and subsequent paragraphs.

132.   PLAINTIFF is, and at all times material hereto was, an employee covered by the ADA. The ADA prohibits discrimination on the basis of disability in all employment practices. PLAINTIFF informed DEFENDANTS that she was receiving psychiatric care from her Clinical Psychologist in or about December 2013. PLAINTIFF'S condition substantially limited her major life activities.

133.   DEFENDANTS are and were at all times material hereto, employers within the meaning of the ADA and, as such, were barred from discriminating in employment decisions on the basis of disabilities as set forth in the ADA.

134.   DEFENDANTS have at all times relevant hereto regarded PLAINTIFF as having a disability within the meaning of the ADA. A "disability" means a "a physical or mental impairment that substantially limits one or more major life activities" of an individual. (42 U.S.C. § 12102(1)(A).) Major life activities include, but are not limited to, walking, standing, performing manual tasks, and working. (42 U.S.C. § 12102(2)(A).)

135.   DEFENDANTS have discriminated against PLAINTIFF on the basis of disability in violation of the ADA by continuously engaging in a course of conduct that included, but is not limited to, acts described in this complaint.

136.   DEFENDANTS' discrimination because of PLAINTIFF'S disability was a substantial factor in causing PLAINTIFF'S harm.

137.   As a proximate result of Defendant's continuous discrimination against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, deferred compensation, and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage

1   in an amount according to proof.

2   138.   As a result of Defendant's discriminatory acts as alleged herein,

3   PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as provided

4   by 42 U.S.C. § 12205.

5   ## FOURTEENTH CAUSE OF ACTION

6   **[Failure to Engage in the Interactive Process in Violation of the ADA]**

7   **(As to Defendant USPS)**

8   139.   PLAINTIFF incorporates by reference, repeats and realleges, all

9   preceding and subsequent paragraphs.

10   140.   The ADA provides that it is unlawful for an employer to fail to engage

11   in a timely, good faith, interactive process with the employee to determine effective

12   reasonable accommodations, if any. (42 U.S.C. § 12112.)

13   141.   DEFENDANTS failed to engage in a timely, good faith, interactive

14   process with PLAINTIFF to determine effective reasonable accommodations for

15   PLAINTIFF's known disabilities, and instead DEFENDANTS issued pretextual

16   write-ups to PLAINTIFF, created a hostile work environment and ultimately

17   terminated PLAINTIFF.

18   142.   As a proximate result of the wrongful conduct of DEFENDANTS, and

19   each of them, PLAINTIFF has suffered and continues to sustain substantial losses in

20   earnings and other employment benefits in an amount according to proof at the time

21   of trial.

22   143.   As a direct and legal result of DEFENDANTS' actions, PLAINTIFF has

23   suffered and continues to suffer general and special damages including but not limited

24   to substantial losses in earnings, other employment benefits and emotional distress,

25   all to her damage in an amount according to proof.

26   144.   As a proximate result of the wrongful acts of DEFENDANTS, and each

27   of them, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein

28   and has incurred and is expected to continue to incur attorneys' fees and costs in

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under 42 U.S.C. 12205.

## FIFTEENTH CAUSE OF ACTION

### [Failure to Accommodate in Violation of the ADA]

### (As to Defendant USPS)

145.   PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

146.   DEFENDANTS, at all relevant times herein, had knowledge of PLAINTIFF's qualifying disabilities under the ADA.

147.   Although DEFENDANTS, and each of them, knew of PLAINTIFF's disabilities, DEFENDANTS, and each of them, refused to accommodate PLAINTIFF's disabilities. DEFENDANTS' actions were in direct contravention of the ADA. (42 U.S.C. § 12112.)

148.   PLAINTIFF alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory, and/or outstanding manner.

149.   As a direct and legal result of DEFENDANTS' refusal to accommodate PLAINTIFF, PLAINTIFF has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, as well as emotional distress, all to her damage in an amount according to proof.

150.   As a proximate result of the wrongful acts of DEFENDANTS, and each of them, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under 42 U.S.C. § 12205.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## SIXTEENTH CAUSE OF ACTION

### [Retaliation in Violation of the ADA]

### (As to Defendant USPS)

151. PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

152. At all times herein mentioned, the ADA was in full force and effect and was binding on DEFENDANTS. The ADA prohibits retaliation against any person who engages in a protected activity. (42 U.S.C. § 2000e-3.)

153. PLAINTIFF engaged in protected activity by requesting reasonable accommodation for her disability (i.e. time to see her psychologist). In response, Defendant harassed and, thereafter, terminated PLAINTIFF's employment.

154. DEFENDANTS' conduct as alleged above constituted unlawful retaliation.

155. As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

156. As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. PLAINTIFF is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

157. As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under 42 U.S.C.

§ 12205.

## SEVENTEENTH CAUSE OF ACTION

**[Failure to Prevent Harassment, Retaliation, and Discrimination**

**in Violation of the ADA]**

**(As to Defendant USPS)**

158.   PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

159.   At all times herein mentioned, the ADA was in full force and effect and was binding on DEFENDANTS. PLAINTIFF is, and at all times material hereto was, an employee covered by the ADA prohibiting discrimination in employment on the basis of disabilities.

160.   DEFENDANTS failed to take immediate and appropriate corrective action to end the discrimination against PLAINTIFF. DEFENDANTS also failed to take all reasonable steps necessary to prevent the discrimination from occurring.

161.   In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination from occurring, DEFENDANTS violated the ADA causing PLAINTIFF to suffer damages as set forth above. (42 U.S.C. §§ 12101, et seq.)

162.   As a proximate result of the aforesaid acts of DEFENDANTS, and each of them, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

163.   As a proximate result of the wrongful acts of DEFENDANTS, and each of them, PLAINTIFF has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. PLAINTIFF is informed and believes and thereupon alleges that

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

164. As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under 42 U.S.C. § 12205.

## EIGHTEENTH CAUSE OF ACTION

### Wrongful Termination in Violation of the ADA

### (As to Defendant USPS)

165. PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and subsequent paragraphs.

166. At all times herein mentioned, the ADA was in full force and effect and was binding on DEFENDANTS.

167. The actions DEFENDANTS, and each of them, in terminating PLAINTIFF on the grounds alleged and described herein were wrongful and in contravention of the ADA and the laws and regulations promulgated thereunder. (42 U.S.C. § 12101 et seq.)

168. As a proximate result of the aforesaid acts of DEFENDANTS, and each of them, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

169. As a proximate result of the wrongful acts of DEFENDANTS, and each of them, PLAINTIFF has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. PLAINTIFF is informed and believes and thereupon alleges that

she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

170. As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. For general economic and non-economic damages according to proof;

2. For compensatory damages according to proof;

3. For liquidated damages;

4. For civil penalties;

5. For special damages according to proof;

6. For punitive damages where allowed by law;

7. For prejudgment interest where allowed by law;

8. For attorneys' fees where allowed by law;

9. For injunctive relief;

10. For costs of suit incurred herein; and

11. For such other and further relief as this Court deems just and proper.

DATED: June 5, 2020                         **VALIANT LAW**

By: _____

RAYMOND BABAIAN
MICHAEL SALDANA
Attorneys for Plaintiff, CHLOE HARRIS